**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| JACOB WHEELER,<br><br>  Plaintiff,<br><br>vs.<br><br>F-STAR THERAPEUTICS, INC., ELIOT FORSTER, NESSAN BERMINGHAM, DAVID ARKOWITZ, TODD BRADY, PAMELA KLEIN, EDWARD BENZ, JR., and GEOFFREY RACE,<br><br>  Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff Jacob Wheeler ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against F-Star Therapeutics, Inc. ("F-Star" or the "Company") and its corporate directors for violating 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14d-9, 17 C.F.R. §240.14d-9(d) ("Rule 14d-9"), in connection with the Board's attempt to sell F-Star to invoX Pharma Limited ("Parent"), a wholly owned subsidiary of Sino Biopharmaceutical Limited ("Sino") (the "Proposed Transaction").

2. On June 22, 2022, F-star entered into an Agreement and Plan of Merger with Parent, Parent's wholly owned subsidiary, Fennec Acquisition Incorporated ("Purchaser") and Sino (the "Merger Agreement"). Under the terms of the Merger Agreement, Parent will acquire F-star for

$7.12 in cash per share of F-star common stock, via a tender offer (the "Tender Offer"). Pursuant to the Merger Agreement, Purchaser commenced the Tender Offer on July 7, 2022.

3.  On July 7, 2022, the Board authorized the filing of the materially incomplete and misleading Schedule 14D-9 Solicitation/Recommendation Statement (the "Recommendation Statement") with the SEC. Specifically, the Recommendation Statement, which recommends that F-star stockholders tender their shares in the Tender Offer, contains materially incomplete and misleading information concerning, among other things: (a) the Company's financial projections and the financial analyses that support the fairness opinion provided by the Company's financial advisor, Morgan Stanley & Co. LLC ("Morgan Stanley"); and (b) potential conflicts of interest faced by Morgan Stanley and Company insiders.

4.  It is imperative that the material information omitted from the Recommendation Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.[1]

5.  For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6.  This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to

---

[1] The Tender Offer is currently scheduled to expire at one minute past 11:59 p.m., Eastern Time, on August 3, 2022.

Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is, and has been at all relevant times, the owner of shares of F-Star common stock.

10. Defendant F-Star is a Delaware corporation, with its principal executive offices located at B920 Babraham Research Campus, Cambridge, United Kingdom CB22 3AT.  F-star's shares trade on the Nasdaq Capital Market under the ticker symbol "FSTX."

11. Defendant Eliot Forster is and has been President, Chief Executive Officer and a director of the Company at all relevant times.

12. Defendant Nessan Bermingham is and has been Chairman of the Board and a director of the Company at all relevant times.

13. Defendant David Arkowitz is and has been a director of the Company at all relevant times.

14. Defendant Todd Brady is and has been a director of the Company at all relevant times.

15. Defendant Pamela Klein is and has been a director of the Company at all relevant times.

16. Defendant Edward Benz, Jr. is and has been a director of the Company at all relevant times.

17. Defendant Geoffrey Race is and has been a director of the Company at all relevant times.

18. Defendants identified in paragraphs 11-17 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

19. On June 23, 2022, F-Star announced that it had entered into the Proposed Transaction, stating, in relevant part:

> LONDON, June 23, 2022 -- **invoX Pharma ("invoX")**, a wholly owned subsidiary of **Sino Biopharmaceutical Limited ("Sino Biopharm") (HKEX 1177 HK)**, focused on research and development (R&D) and business development activities outside of China, and **F-star Therapeutics, Inc. ("F-star") (NASDAQ:FSTX)**, a clinical-stage biopharmaceutical company pioneering bispecifics in immunotherapy so more people with cancer can live longer and improved lives, today announced that the companies have entered into a definitive agreement whereby invoX will acquire all of the issued and outstanding shares of F-star common stock for $7.12 per share. The proposed acquisition values F-star at approximately $161 million. The transaction has been unanimously approved by the invoX and F-star Boards of Directors and is expected to close in the second half of 2022.
>
> F-star's proprietary platform technology pioneers the use of tetravalent (2+2) bispecific antibodies that enable the simultaneous targeting of two different antigens and a unique set of pharmacology to deliver focused, potent and safe immune activation in the tumor microenvironment. Four programs are progressing in clinic, three based on F-star's tetravalent platform and one next generation STING agonist, with multiple further undisclosed programs in development. These programs represent potentially first- and best-in-class drug candidates for many areas of unmet medical need, including patients with cancer and other serious diseases who have few other options available. Leveraging its modular antibody technology, F-star has forged collaborations with major international biopharma companies across a wide range of therapeutic areas including oncology, immunology and neurology.

invoX, established in 2021 in the United Kingdom, is Sino Biopharm's international expansion platform, focusing on R&D and business development activities outside of China, with a core focus on oncology and respiratory therapeutics. F-star will form a key element of invoX's strategy to accelerate Sino Biopharm's development of innovative medicines to transform the lives of patients worldwide, complementing its existing R&D platforms and pipeline.

**Ben Toogood, Chief Executive Officer of invoX commented:** "Today's proposed acquisition is aligned with invoX's strategy to become a fully integrated biopharmaceutical company with an advancing pipeline of innovative products addressing unmet healthcare needs, worldwide. We are excited to welcome F-star employees and look forward to working with them as we invest in the company to progress and grow its clinical pipeline to realize the full potential of the platform."

**Eliot Forster, Chief Executive Officer of F-star said:** "We believe our tetravalent bispecifics offer the best approach to tackle hard-to-treat cancers and other serious diseases, with the ambition to deliver longer and improved lives for patients. Today's announcement is good news for F-star, for our shareholders and, of course, for patients. This transaction enables greater and longer-term opportunities to develop the F-star platform and accelerate delivery of our novel medicines as we work together towards a future free from cancer and other serious diseases. I'd like to thank the fantastic team at F-star as well as our partners for all their hard work, support and dedication and I'm delighted to share this exciting development."

**Transaction Terms**

Under the terms of the merger agreement, invoX, a wholly owned subsidiary of Sino Biopharm, will commence a tender offer within the next 10 business days to acquire all of the issued and outstanding shares of F-star common stock for a price of US$7.12 per share in cash upon the completion of the offer. The transaction is expected to complete in the second half of 2022, subject to certain customary closing conditions, including the tender by F-star stockholders of greater than 50 percent of the issued and outstanding shares of F-star common stock and required regulatory approvals, including the expiration of the waiting period under the Hart-Scott-Rodino Antitrust Improvements Act of 1976 and other customary closing conditions. Following the closing of the tender offer, invoX will acquire any shares of F-star that are not tendered in the tender through a second-step merger under Delaware law at the tender offer price.

**Advisors**

PJT Partners is acting as financial advisor to invoX, and Morgan Stanley & Co. LLC is acting as financial advisor to F-star. Shearman & Sterling LLP is serving as legal counsel to invoX and Sino Biopharm and Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. is serving as legal counsel to F-star.

**The Materially Incomplete and Misleading Recommendation Statement**

20. On July 7, 2022, the Board caused to be filed a materially incomplete and misleading Recommendation Statement with the SEC. The Recommendation Statement, which recommends that F-Star stockholders tender their shares in the Tender Offer, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) Company's financial projections and the financial analyses that support the fairness opinion provided by the Company's financial advisor, Morgan Stanley; and Bb) potential conflicts of interest faced by Morgan Stanley and Company insiders.

*Material Misrepresentations and/or Omissions Concerning F-Star's Financial Projections and Morgan Stanley's Financial Analysis*

21. The Recommendation Statement fails to disclose material information concerning the financial projections for F-Star. For example, the Recommendation Statement sets forth that the Company's financial projections "reflect risk-adjusted outlooks." Recommendation Statement at 35. Yet, the Recommendation Statement fails to disclose a summary of Company management's non-risk-adjusted projections so that F-star stockholders can assess the effect the risk-adjustments had on the Company's projections.

22. The Recommendation Statement also fails to disclose material information concerning Morgan Stanley's financial analyses.

23. With respect to Morgan Stanley's *Discounted Cash Flow Analysis*, the Recommendation Statement fails to disclose a quantification of: (a) the estimated unlevered free cash flows of the Company after fiscal year 2040, used to calculate the Company's terminal values; (b) the terminal values for the Company; (c) the inputs and assumptions underlying the discount rates ranging from 12.2% to 14.2%; and (iv) the number of shares to be issued in connection with the Company's assumed additional equity capital raises.

*Material Misrepresentations and/or Omissions Concerning Morgan Stanley's and Company Insiders' Potential Conflicts of Interest*

24. The Recommendation Statement fails to disclose material information concerning potential conflicts of interest faced by Morgan Stanley.

25. For example, the Recommendation Statement fails to disclose whether the Company anticipates paying Morgan Stanley the "additional discretionary fee of up to $2.5 million." *Id.* at 35.

26. Additionally, the Recommendation Statement fails to disclose whether Morgan Stanley has performed any services for Sino in the two years prior to the date of its fairness opinion and, if so, the details of the services performed, and any fees received for such services.

27. The Recommendation Statement also fails to disclose material information concerning Company insiders' potential conflicts of interest.

28. For example, the Recommendation Statement fails to disclose when Company management first became aware of the opportunity for management retention with the post-close company, including whether any of Parent's and Sino's proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

29. The omission of the above-referenced information renders statements in the "Certain Financial Projections," "Opinion of the Company's Financial Advisor," and "Background of the Offer" sections of the Recommendation Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff and the other stockholders of F-star will be unable to make a sufficiently informed decision in connection with the Tender Offer and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

### Claims Against All Defendants for Violations of Section 14(d) of the Exchange Act and SEC Rule 14d-9 Promulgated Thereunder

30. Plaintiff repeats all previous allegations as if set forth in full.

31. Defendants have caused the Recommendation Statement to be issued with the intention of soliciting F-Star stockholders to tender their shares in the Tender Offer.

32. Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

33. Section 14(d)(4) of the Exchange Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

34. SEC Rule 14d-9 sets forth, in relevant part:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

35. Item 8 of Schedule 14D-9 requires a company's directors to "[f]urnish such additional material information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

36. The Recommendation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which omission renders the Recommendation Statement false and/or misleading.

37. Defendants knowingly or with deliberate recklessness omitted the material information identified above from the Recommendation Statement, causing certain statements

8

therein to be materially incomplete and therefore misleading. Indeed, while defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Proposed Transaction, they allowed it to be omitted from the Recommendation Statement, rendering certain portions of the Recommendation Statement materially incomplete and therefore misleading.

38. The misrepresentations and omissions in the Recommendation Statement are material to Plaintiff and the other stockholders of F-Star, who will be deprived of their right to make an informed decision whether to tender their shares or seek appraisal if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## COUNT II

**Claims Against All Defendants for Violations of Section 14(e) of the Exchange Act**

39. Plaintiff repeats all previous allegations as if set forth in full.

40. Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders, or any solicitation of security holders in opposition to or in favor of any such offer, request, or invitation." 15 U.S.C. § 78n(e).

41. Defendants violated Section 14(e) of the Exchange Act by issuing the Recommendation Statement to F-Star stockholders in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made,

9

in light of the circumstances under which they are made, not misleading. Specifically, the Recommendation Statement misrepresented and/or omitted material facts concerning the Company's financial projections, Goldman Sachs' financial analyses, the background of the Proposed Transaction, and Company insiders' potential conflicts of interest.

42. Defendants knew that Plaintiff would rely upon their statements in the Recommendation Statement in determining whether to tender his shares pursuant to the Tender Offer or seek appraisal.

43. As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether or not to tender his shares or seek appraisal.

## COUNT III

### Claims Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act

44. Plaintiff repeats all previous allegations as if set forth in full.

45. The Individual Defendants acted as controlling persons of F-Star within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of F-Star, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Recommendation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

46. Each of the Individual Defendants was provided with or had unlimited access to copies of the Recommendation Statement and other statements alleged by Plaintiff to be

misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

47.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Recommendation Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Recommendation Statement.

48.     In addition, as the Recommendation Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Recommendation Statement purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

49.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

50.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e), Section 14(d) and SEC Rule 14d-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, F-Star stockholders will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of F-Star, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction, including the expiration of the Tender Offer, unless and until defendants disclose the material information identified above which has been omitted from the Recommendation Statement;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Directing the Individual Defendants to file a Recommendation Statement that does not contain any untrue statements of material fact;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: July 20, 2022

**LONG LAW, LLC**

By  */s/ Brian D. Long*
Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@longlawde.com

*Attorneys for Plaintiff*